IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHELLE CAVER,

       Plaintiff,

  v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

       Defendant.

CIVIL ACTION NO.: 6:22-cv-10

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's April 27, 2022 Order to file a brief in this matter. Doc. 13. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for Plaintiff's failure to follow this Court's Order and failure to prosecute. As a result, I also **RECOMMEND** the Court **AFFIRM** the Commissioner's decision and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff her suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present her objections to

**BACKGROUND**

Plaintiff, who is proceeding pro se and resides in Statesboro, Georgia, brought this 42 U.S.C. § 405 action on February 9, 2022.  Doc. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  Doc. 2.  On February 23, 2022, the Court granted Plaintiff's motion.  Doc. 6.  In that Order, the Court directed service of Plaintiff's Complaint on Defendant, the Attorney General of the United States, and the United States Attorney for the Southern District of Georgia.  Id.  Defendant filed a timely Answer, as amended, and the transcript of proceedings before the Social Security Administration.  Docs. 10, 11, 12.  The Court then issued its standard briefing Order on April 27, 2022, and directed the parties to submit briefs, beginning with Plaintiff filing a brief "setting forth all errors which Plaintiff contends entitle her to relief[]" within 30 days of that Order.  Doc. 13 at 1.  These 30 days have expired, and Plaintiff has failed to file a brief or any other submission in response.  There is nothing before the Court indicating its Order was returned as undeliverable or otherwise failed to reach Plaintiff.

**DISCUSSION**

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and failure to prosecute.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**I.      Dismissal for Failure to Follow This Court's Order and Failure to Prosecute**

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]").

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir.

1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03. Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).[2]

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Plaintiff having failed file her requisite brief in this matter, the Court is unable to move forward with this case. Plaintiff was given ample time and opportunity to follow the Court's Order, and Plaintiff did not do so. Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to failure to follow this Court's

---

[2] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

4

Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **AFFIRM** the Commissioner's decision.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's inaction, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and failure to prosecute, **AFFIRM** the decision of the Commissioner, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of August, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA